LAW OFFICES

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

(410) 332-8584
(WRITER'S DIRECT DIAL NO.)

(410) 332-8561
(DIRECT FAX NO.)

July 10, 2007

**FEDERAL EXPRESS**

Draper & Goldberg, PLLC
803 Sycolin Road
Suite 803
Leesburg, VA 20175

Re:   *Syed Farhat: Foreclosure of*
      *5507 Summerfield Ave., Baltimore, Md. 21206*

To Whom It May Concern:

We represent Nichelle Henson ("Henson") and Davantzis Harris ("Harris"), the true owners of 5507 Summerfield Avenue, Baltimore, MD 21206 (the "Property"). The purpose of this letter is to inform you that because Syed Farhat ("Farhat") never held title to the Property, the mortgage in favor of New Century Mortgage Corporation ("New Century") is fraudulent and invalid.

Specifically, Henson and Harris are victims of a practice commonly known as "equity stripping" perpetrated by Farhat. This scheme targets unsophisticated victims with substantial equity in their homes, who are in financial distress and desperately seeking a loan to save their homes. Under the guise of a loan transaction with loan documents, the victims are deceived into signing over title to their homes.

In Henson and Harris' case, on or about October 12, 2006, when Henson and Harris were facing foreclosure, Farhat offered to "help" by refinancing their mortgage debt. In exchange for a $30,000 loan, Henson and Harris were deceived into signing a deed conveying the Property to Farhat, who is a regional manager of Montgomery Capital Corporation ("Montgomery"), an entity providing mortgage brokerage services. With the assistance of Peerless Title & Escrow, Inc. ("Peerless"), Farhat secured a loan for $168,300 from New Century, purportedly to pay for the purchase.

As you can see from the enclosed Complaint, on April 17, 2007, Henson and Harris, and several other victims, filed suit against, among others, Montgomery, Farhat, and Peerless in the Circuit Court for Baltimore City seeking, *inter alia*, a declaratory judgment that the transaction was, in reality, a mortgage loan pursuant to Md. Code Ann., Real Prop. § 7-101(a).

251959/3919.1

EXHIBIT
C

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

Draper & Goldberg, PLLC
July 10, 2007
Page 2

    Consequently, because under the doctrine of equitable mortgage, Farhat never owned the Property, he could not encumber it in favor of New Century. Accordingly, on behalf of Ms. Henson and Mr. Harris, we request that you dismiss, or at least stay, the foreclosure proceeding until the case against Mr. Farhat, et al. is resolved.

    Sincerely,

    *Price Gielen* (signature)

    Price O. Gielen

251959/3919.1