IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A., TRUSTEE** <br> 420 Montgomery Street <br> San Francisco, California 94104 | * <br><br> * | |
| Plaintiff, | * | |
| | | **Case No.** _____ |
| v. | * | |
| **NICHELLE HENSON** <br> 5507 Summerfield Ave. <br> Baltimore, MD 21206 | * <br><br> * | |
| and | * | |
| **DAVANTZIS HARRIS** <br> 5507 Summerfield Ave. <br> Baltimore, MD 21206 | * <br><br> * | |
| and | * | |
| **SYED FARHAT** <br> 6908 Montgomery Road <br> Elkridge, MD 21075, | * <br><br> * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Wells Fargo Bank, N.A., Trustee ("Wells Fargo"), by its undersigned counsel, brings this action for declaratory and equitable relief against Defendants, Nichelle Henson, Davantzis Harris, and Syed Farhat, and states as follows:

Introduction

1. Plaintiff, Wells Fargo, brings this diversity action to validate its rights under a deed of trust on the property located at 5507 Summerfield Ave., Baltimore, Maryland (the "Property"). Defendant Farhat purchased the property from Defendants Henson and Harris and let them continue

living there. Now Henson and Harris are trying to stop Wells Fargo from foreclosing on the Property by alleging that Farhat acquired the Property from them by fraud. Even if their allegation of fraud is true, Wells Fargo is a good faith purchaser for value and is entitled to foreclose. The situation is unfair to Wells Fargo because Henson and Harris are preventing Wells Fargo from foreclosing while they continue to reside in the Property for free.

## The Parties

2.  Plaintiff Well Fargo is a national banking association whose main office is in San Francisco, California. Wells Fargo is the trustee of Carrington Mortgage Loan Trust Series 2006-NC6, which is a holder of mortgage loans.

3.  Defendant Nichelle Henson is an individual who resides in Baltimore, Maryland.

4.  Defendant Davantzis Harris is an individual who resides in Baltimore, Maryland.

5.  Defendant Syed Farhat is an individual who resides in Elkridge, Maryland.

## Jurisdiction and Venue

6.  This Court has diversity jurisdiction over this case, under to 28 U.S.C. § 1332, because the parties are residents of different states and the amount in controversy exceeds $75,000.

7.  Venue is proper in the District of Maryland, under 28 U.S.C. § 1391, because the Defendants reside in this judicial district.

## Facts Common to All Counts

8.  As of October 12, 2006, Defendants Nichelle Henson and Davantzis Harris owned the Property as joint tenants.

9.  As of October 12, 2006, Defendants Henson and Harris had personal debts in the approximate amount of $75,500 which were secured by the Property.

10. On October 12, 2006, Henson and Harris executed a deed conveying the Property to Defendant Farhat for $187,000. A copy of the deed is attached hereto as Exhibit A.

11. New Century Mortgage Corporation ("New Century") financed Farhat's purchase of the Property through a $168,300 purchase money loan secured by a deed of trust (the "Deed of Trust") on the Property. A copy of the Deed of Trust is attached hereto as Exhibit B.

12. New Century's agreement to lend the purchase money to Farhat was conditioned on the Deed of Trust being in a first priority lien position.

13. At settlement on October 12, 2006, New Century paid off all of Henson and Harris's personal debts that were secured by the Property so that the Deed of Trust would be a first lien on the Property.

14. After settlement, New Century assigned to Wells Fargo all of its rights, title, and interest in the Deed of Trust and the underlying loan.

15. Henson and Harris have continued to reside in the Property, even after they conveyed it to Farhat.

16. On July 9, 2006, Wells Fargo commenced foreclosure proceedings under the Deed of Trust because the loan was in default.

17. On July 10, 2006, Henson and Harris's attorney wrote to Wells Fargo's foreclosure attorney and demanded that the foreclosure proceedings be stopped. Henson and Harris's attorney asserted that the Deed of Trust held by Wells Fargo was invalid because Farhat had obtained the Property from Henson and Harris by fraud. A copy of the letter from Henson and Harris's attorney is attached hereto as Exhibit C.

18. Because Henson and Harris's allegations are clouding title to the Property, Wells Fargo had to stop the foreclosure proceedings.

19. Meanwhile, Henson and Harris are continuing to reside in the Property for free. Neither they nor Farhat is paying any money to Wells Fargo, who holds the $168,300 loan that paid for Farhat to purchase the Property from Henson and Harris.

## COUNT I - BONA FIDE PURCHASER FOR VALUE

20. All preceding paragraphs are incorporated as if fully set forth here.

21. At the time New Century made the $168,300 purchase money loan, it had no knowledge of any alleged fraud.

22. New Century paid $168,300 in valuable consideration for the Deed of Trust.

23. Because New Century had the status of a bona fide purchaser for value, any alleged fraud in Farhat's purchase of the Property from Henson and Harris had no affect on the Deed of Trust's validity.

24. Plaintiff, Wells Fargo, as holder of the Deed of Trust, also has the status of a bona fide purchaser for value.

25. Under the bona fide purchaser for value doctrine, the Deed of Trust is valid and enforceable and Wells Fargo is entitled to foreclose on the Property.

## COUNT II - EQUITABLE SUBROGATION

26. All preceding paragraphs are incorporated as if fully set forth here.

27. At settlement on October 12, 2006, New Century paid off Henson and Harris's debts secured by the Property so that the Deed of Trust would be a first priority lien on the Property.

28. If the Deed of Trust is not enforceable, which Wells Fargo denies, it would be inequitable for Henson and Harris to receive the benefit of payment of their personal obligations secured by liens upon the Property, unless Wells Fargo, who is holder of the loan whose proceeds

paid off Henson and Harris's obligations secured by the Property, is subrogated to the lien positions and priorities of the liens securing Henson and Harris's obligations that were satisfied.

29. Under the doctrine of equitable subrogation, the Deed of Trust held by Wells Fargo, is equitably subrogated to same lien positions and priorities that existed for Henson and Harris's secured debts when they were paid off by the loan proceeds on October 12, 2006.

## COUNT III - CONSTRUCTIVE TRUST

30. All preceding paragraphs are incorporated as if fully set forth here.

31. Henson and Harris received the benefit of having all their debts that were secured by the Property paid off at the closing on October 12, 2006.

32. Henson and Harris received the additional benefit of proceeds from the October 12, 2006 sale of the Property.

33. Farhat received the benefit of ownership of the Property.

34. Farhat received the additional benefit of proceeds from the October 12, 2006 loan.

35. These benefits to Henson, Harris, and Farhat were financed by the October 12, 2006 loan from New Century, which now is held by Wells Fargo.

36. It would be inequitable for Henson, Harris, and Farhat to retain these benefits, paid for by another, without a corresponding lien on the Property or repayment to Wells Fargo.

37. If the Deed of Trust is not enforceable, which Wells Fargo denies, a constructive trust is appropriate to preserve for Wells Fargo an amount equal to the benefits conferred on Henson, Harris, and Farhat as a result of the October 12, 2006 transaction, up to the loan amount of $168,300, plus interest.

## COUNT IV - UNJUST ENRICHMENT

38. All preceding paragraphs are incorporated as if fully set forth here.

5

39. Henson and Harris received the benefit of having all their debts that were secured by the Property paid off at the closing on October 12, 2006.

40. Henson and Harris received the additional benefit of proceeds from the October 12, 2006 sale of the Property.

41. Farhat received the benefit of ownership of the Property.

42. Farhat received the additional benefit of proceeds from the October 12, 2006 loan.

43. These benefits to Henson, Harris, and Farhat were financed by the October 12, 2006 loan from New Century, which now is held by Wells Fargo.

44. If the Deed of Trust is not enforceable, which Wells Fargo denies, Henson, Harris, and Farhat will be unjustly enriched by the value of benefits they received as a result of the October 12, 2006 transaction, up to the loan amount of $163,300, plus interest.

WHEREFORE, Plaintiff, Wells Fargo, respectfully requests that this Court enter an order:

(A) Declaring that the Deed of Trust is in full force and effect;

(B) Declaring that Wells Fargo may foreclose under the Deed of Trust;

(C) Declaring that Wells Fargo has a lien on the Property in the same amounts, positions, and priorities as the liens that were paid off on October 12, 2006;

(D) Charging upon Henson, Harris, and Farhat a constructive trust, for the benefit of Wells Fargo, over any benefits they received as a result of the October 12, 2006 transaction, up to the loan amount of $168,300, plus interest;

(E) Commanding Henson, Harris, and Farhat to pay to Wells Fargo the value of any benefits they received as a result of the October 12, 2006 transaction, up to the loan amount of $168,300, plus interest; and

(F) Granting to Wells Fargo such other and further relief that is appropriate.

Respectfully submitted,

_____/s/_____
Martin H. Schreiber II (Fed. Bar No. 22886)
Law Office of Martin H. Schreiber II, LLC
3600 Clipper Mill Road, Suite 201
Baltimore, MD  21211
phone: (410) 366-4777
fax: (410) 510-1574
email: mhs@schreiber-law.com

*Attorney for Plaintiff, Wells Fargo, Trustee*