IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., TRUSTEE, | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v. | CIVIL NO.: WDQ-07-3435 |
| NICHELLE HENSON, *et al.*, | *<br>*<br>* |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Wells Fargo Bank, N.A., Trustee ("Wells Fargo") sued Nichelle Henson, Davantzis Harris, and Syed Farhat seeking equitable subrogation, a constructive trust, a declaratory judgment, and claiming unjust enrichment. Pending is Wells Fargo's motion for summary judgment. For the following reasons, the motion will be granted.

I. Background

Henson and Harris, husband and wife, owned real property in Baltimore, Maryland subject to a mortgage held by MAS Associates, LLC d/b/a Equity Mortgage Lending ("Equity Mortgage"). Compl. ¶ 8; Pl. Mot. at 2. In August 2006, Henson and Harris were notified that they had defaulted on the mortgage. Pl. Mot. at 2.

On October 12, 2006, to avoid foreclosure, Henson and Harris sold the property to Farhat. Compl. ¶ 10. New Century Mortgage Corporation ("New Century") financed the sale through a $168,300

1

purchase money loan, which was secured by a deed of trust on the property. *Id.* ¶ 11; Pl. Mot. at 2. At closing, New Century paid off Henson's and Harris's $75,208.83 debt to Equity Mortgage to gain first lien priority. Compl. ¶ 13; Pl. Mot. at 2-3. Henson and Harris also received $30,000 from the sale. Nichelle J. Henson Dep. 44, Nov. 21, 2008.

New Century assigned the deed of trust to Wells Fargo. Compl. ¶ 14. On July 9, 2007, Wells Fargo commenced foreclosure proceedings on the property because Farhat had defaulted on the purchase money loan.[1] *Id.* ¶ 16.

Henson and Harris have continued residing in the property. *Id.* ¶ 15. Wells Fargo has been unable to foreclose because Henson and Harris have alleged that Farhat obtained the title by fraud. *Id.* ¶ 18.

On December 26, 2007, Wells Fargo filed this suit. On July 23, 2008, the Clerk entered a default against Farhat. On December 29, 2008, Wells Fargo moved for summary judgment. On May 14, 2009, the Court appointed counsel for Henson and Harris.

II. Analysis

    A. Standard of Review

Rule 56(c) permits summary judgment when there is no genuine

---

[1] Henson, Harris, and other individuals filed a class action suit against Farhat and Maryland Capital Corporation in the Circuit Court for Baltimore City claiming that they were victims of "equity stripping." *See Frances Brown, et al. v. Montgomery Capital Corp., et al.*, Case No. 24-C-07-002680. Defs. Opp. at 2. According to Henson and Harris, the court held that Farhat obtained the title through fraud. *Id.*

issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the facts and reasonable inferences therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The opposing party, however, must produce evidence upon which a reasonable factfinder could rely. *Celotex*, 477 U.S. at 324. A mere "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

B. Validity of the Deed of Trust

Wells Fargo argues that its deed of trust is valid because it was a *bona fide* purchaser. Pl. Mot. at 5. Henson and Harris counter that New Century knew--or should have known--of the fraud, and did not act diligently. Defs. Opp. at 5.

When "a deed is set aside for fraud, a mortgagee not a party to the fraud is entitled to the protection afforded a *bona fide* purchaser." *Silver v. Benson*, 227 Md. 553, 560, 177 A.2d 898, 902 (1962). "A mortgagee is treated as a purchaser, and whe[n] title is perfect on its face and no known circumstances exist to

3

. . . put a purchaser on inquiry, one who buys bona fide and for value occupies one of the most highly favored positions in the law." *Irvington Fed. Sav. & Loan Ass'n of Baltimore City v. West*, 194 Md. 211, 221, 71 A.2d 1, 5 (1950).[2]

If an individual obtains real property by fraud and executes a mortgage on that property, the mortgage is valid "in the absence of proof that the mortgagee[] had notice" of the fraud. *Wicklein v. Kidd*, 149 Md. 412, 421, 131 A.2d 780, 783 (1926).[3] A lender with a deed of trust in a property is "entitled to the protections available to *bona fide* purchasers for value, whe[n] such lenders were without notice of the mortgagor's fraudulent conduct." *Washington Mut. Bank v. Homan*, 186 Md. App. 372, 390, 974 A.2d 376 (Ct. Spec. App. 2009).

An individual is a *bona fide* purchaser if he (1) gave value for the property, (2) acted in good faith, and (3) did not have notice of "any infirmity in the title." *Id.* (quoting *People's Banking Co. v. Fidelity & Deposit Co.*, 165 Md. 657, 170 A. 544, 547 (1934)). It is undisputed that Wells Fargo purchased the loan from New Century for value.

Tracey McShane--a manager at Carrington Mortgage Services, the servicer of the mortgage--declared that New Century did not

---

[2] *See also Maryland Law Encyclopedia*, Mortgages § 72.

[3] "Fraud . . . perpetrated by a third person without the instigation, procurement, knowledge, or consent of the mortgagee, will generally not affect the mortgage or prejudice his security." *Wicklein*, 149 Md. at 421, 131 A.2d at 783.

4

know of Farhat's fraud. Tracey A. McShane Decl. ¶ 14, Dec. 15, 2008. McShane also declared that Wells Fargo was not aware of the fraud when it acquired the loan from New Century. *Id.* ¶ 15. Darrell Longest, owner of Peerless Title and Escrow, Inc.--the settlement company that conducted the sale to Farhat--declared that the transaction "appeared to be entirely proper," and there "was nothing about th[e] transaction that would have indicated to New Century that there was any fraud." Darrell L. Longest, Decl. ¶ 13, Dec. 23, 2008.

Henson and Harris have not provided contrary evidence.[4] They argue that, because the Circuit Court for Baltimore City set aside the conveyance to Farhat due to the fraud, they have continuously owned the property, and because "there was no 'purchase' . . . New Century cannot be considered a 'purchase for value.'" *Id.* However, as a *bona fide* purchaser, Wells Fargo has a valid deed of trust, even though the sale to Farhat may have been rescinded. *See Julian v. Buonassissi*, 183 Md. App. 678, 696, 963 A.2d 234, 245 (Ct. Spec. App. 2009).[5]

---

[4] They state that at trial they intend to show that New Century knew of the fraud. Defs. Opp. at 6. They also argue that *Silver* and *Wicklein* are outdated and should no longer be followed. *Id.* at 5-6. To the contrary, *Julian* and *Homan* show that a *bona fide* mortgagee has the same rights today.

[5] *Julian* is similar to this case. There, the trustees of a deed of trust brought a foreclosure action against LaShawn Wilson. 183 Md. App. 678, 688, 963 A.2d 234, 240 (Ct. Spec. App. 2009). Wilson had purchased the property from Harriette Julian, who had sold it to Wilson to avoid foreclosure. Wilson purchased the property through a loan from Wells Fargo, which was later assigned to U.S. Bank. *Id.*

5

Accordingly, Wells Fargo was a *bona fide* purchaser, and the deed of trust is valid.

C. Other Claims

Wells Fargo states that if it is awarded summary judgment on Count I (*bona fide* purchaser), its remaining claims are unnecessary. Pl. Rep. at 7. Accordingly, the Court will not address those claims.

III. Conclusion

For the reasons stated above, Wells Fargo's motion for summary judgment will be granted.

August 24, 2009             /s/
Date             William D. Quarles, Jr.
            United States District Judge

---

The trustees brought foreclosure because Wilson had defaulted on the loan. U.S. Bank purchased the property at foreclosure sale, and Julian intervened alleging that the deed to Wilson was void because she was defrauded as part of a "mortgage foreclosure scam." *Id.*

The Court of Special Appeals noted that the title of a *bona fide* purchaser, without notice of the fraud, "is not vitiated even though a fraud was perpetrated by his vendor upon a prior title holder." *Id.* at 696, 963 A.2d at 245. It reasoned that fraud in the sale of real estate renders a contract voidable by the injured party against the fraud perpetrator, but if the property is sold to a *bona fide* purchaser the purchaser "takes an indefeasible title." *Id.* It noted that the cases in which a transaction has been deemed void as to a *bona fide* purchaser involved a forged deed, which is void *ab initio*. *Id.*

The *Julian* court also noted that U.S. Bank, as a *bona fide* assignee, had "the same protection as a *bona fide* assignor." *Id.* at 699, 963 A.2d at 247.

6