IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |   |
|---|---|---|
| WELLS FARGO BANK, N.A., TRUSTEE, | * | |
| Plaintiff, | * | |
| | * | CIVIL NO.: WDQ-07-3435 |
| v. | * | |
| NICHELLE HENSON, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Wells Fargo Bank, N.A., Trustee ("Wells Fargo") sued Nichelle Henson, Davantzis Harris, and Syed Farhat (collectively, the "Defendants") seeking equitable subrogation, a constructive trust, a declaratory judgment, and claiming unjust enrichment. On August 24, 2009, the Court granted Wells Fargo's motion for summary judgment and directed the Clerk to close the case. ECF Nos. 36, 37. Pending is Henson and Harris's *pro se* motion to reopen. ECF No. 48.[1] For the following reasons, the motion will be denied.

I. Background

Henson and Harris, husband and wife, owned real property in Baltimore, Maryland subject to a mortgage held by MAS Associates, LLC, d/b/a Equity Mortgage Lending ("Equity

---

[1] Henson and Harris were represented by counsel while Wells Fargo's summary judgment motion was pending.

Mortgage"). ECF No. 4-1 ¶ 8; Henson Dep. (ECF No. 22-7) at 6:13-15; see ECF No. 22-8. In August 2006, Henson and Harris were notified that they had defaulted on the mortgage. Henson Dep. at 24:10-14.

On October 12, 2006, to avoid foreclosure, Henson and Harris sold the property to Farhat. ECF No. 4-1 ¶¶ 9-10; see ECF No. 1-2. New Century Mortgage Corporation ("New Century") financed the sale through a $168,300 purchase money loan, which was secured by a deed of trust on the property. ECF No. 4-1 ¶ 11; see ECF No. 1-3. At closing, New Century paid off Henson and Harris's $75,208.83 debt to Equity Mortgage to gain first lien priority. ECF No. 4-1 ¶¶ 9, 13; Henson Dep. at 44:13-17. Henson and Harris also received $30,000 from the sale. Henson Dep. at 44:18-21.

After settlement, New Century assigned the deed of trust to Wells Fargo. ECF No. 4-1 ¶ 14. On July 9, 2007,[2] Wells Fargo commenced foreclosure proceedings on the property because Farhat had defaulted on the purchase money loan.[3] Id. ¶ 16.

---

[2] The complaint erroneously states that foreclosure began on July 9, 2006. See ECF No. 4-1 ¶¶ 16-17. The error was corrected in Wells Fargo's motion for summary judgment. See ECF No. 22 at 3.

[3] Henson, Harris, and others filed a class action suit against Farhat and others in the Circuit Court for Baltimore City, claiming that they were victims of "equity stripping." See *Frances Brown, et al. v. Montgomery Capital Corp., et al.*, No. 24-C-07-002680 (Cir. Ct. for Balt. City, filed Apr. 17, 2007). On September 26, 2008, the court entered final judgment in favor

Henson and Harris continued to reside in the property after conveying it to Farhat. ECF No. 4-1 ¶ 15. Wells Fargo was unable to foreclose because Henson and Harris alleged that Farhat had obtained the title by fraud. *See id.* ¶ 18.

On December 26, 2007, Wells Fargo filed suit. ECF No. 1. On July 23, 2008, the Clerk entered a default against Farhat. ECF No. 19. On December 29, 2008, Wells Fargo moved for summary judgment on the grounds that, as a *bona fide* purchaser for value of the deed of trust, it was entitled to foreclose even assuming the allegations of fraud against Farhat were true. *See generally* ECF No. 22. On May 14, 2009, the Court appointed counsel for Henson and Harris. ECF No. 28. On July 20, 2009, Henson and Harris opposed Wells Fargo's motion for summary judgment. ECF No. 31. On August 11, 2009, Wells Fargo replied. ECF No. 34.

On August 24, 2009, the Court granted Wells Fargo's motion for summary judgment. ECF Nos. 36, 37. The Court further entered judgment for Wells Fargo on Count One (*bona fide* purchaser for value), declared the deed of trust to be valid and enforceable, and ordered the case closed. *See generally* ECF No.

---

of Henson and Harris against the defendants, jointly and severally, in the amount of $70,049.24 in compensatory damages; $30,734.63 in attorneys' fees; and $2,000,000 in punitive damages. *See* ECF No. 48-1 (the "Farhat Judgment").

37.[4] On September 30, 2009, Henson filed a notice of appeal. ECF No. 41. On December 15, 2009, the appeal was dismissed as untimely. ECF Nos. 46, 47.

On September 9, 2012, Henson and Harris filed a *pro se* motion to reopen. ECF No. 48. On October 23, 2012, Wells Fargo opposed the motion. ECF No. 51.[5] On November 2, 2012, Henson and Harris replied. ECF No. 52.

II. The Motion to Reopen

  A. Legal Standard

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a final judgment or order by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, *and* exceptional circumstances."[6] After crossing this "initial threshold," the movant must also show at least one ground for relief listed in Rule 60(b)'s six subsections: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction,

---

[4] In its reply brief, Wells Fargo stated that the Court's award of summary judgment on Count One would render the remaining equitable claims "unnecessary." ECF No. 34 at 7. Thus, the Court did not address those claims. ECF No. 36 at 6.

[5] The opposition was untimely. *See* docket.

[6] *Hale v. Belton Assocs., Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009) (per curiam) (emphasis added) (internal quotation marks omitted).

4

release, or discharge; or (6) any other reason justifying relief. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); see Fed. R. Civ. P. 60(b).

B. The Motion to Reopen

Henson and Harris ask the Court to reopen the case, to "allow them to prove that [Wells Fargo and Farhat] do[] not have rights under the deed of trust . . . and . . . [Wells Fargo] committed fraud to obtain judgment." ECF No. 48 at 1-2; see id. at 3.[7] In support of their argument, Henson and Harris rely on the Farhat Judgment, which "grants us rights to foreclose to regain ownership of the property," as well as an unexecuted UCC Financing Statement--filed by Henson on January 27, 2011--that purports to attach "any and all property" belonging to Farhat in satisfaction of the Farhat Judgment. See generally ECF No. 48-1 at 2-5. Wells Fargo argues that, to the extent the motion is predicated on Rule 60(b)(2) (newly discovered evidence) and (b)(3) (fraud by an opposing party), the motion is untimely. ECF No. 51 at 3. Wells Fargo further argues that neither the Farhat Judgment nor the Financing Statement is new evidence. *Id.*

---

[7] The motion seeks various forms of relief, including that the Court: (1) "stop" "any current foreclosure action"; (2) enter judgment "for quiet title action"; (3) order "all parties with legal claim" to "stipulate and provide proof of claim against the . . . deed of trust"; and (4) declare the deed of trust to be "null and void." See ECF No. 48 at 3-4.

Because Henson and Harris are *pro se* litigants, their filings are to be construed liberally, even if their arguments and pleadings are "inartful[]." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted).

To succeed on a Rule 60(b) motion, the movant must first show that the motion is timely. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). A Rule 60(b) motion must be made within a "reasonable time," and, for motions brought under subsections (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A court *must not* extend the time to act under Rule[] . . . 60(b)." Fed. R. Civ. P. 6(b)(2) (emphasis added). Here, Henson and Harris seek relief under Rule 60(b)(2) and (3). ECF No. 52 ¶ 1. The contested judgment was entered on August 24, 2009. ECF No. 37. Henson and Harris's motion to reopen was filed more than three years later, on September 24, 2012. ECF No. 48. Because it was filed more than two years too late, Henson and Harris's motion must be denied.[8]

---

[8] To the extent that Henson and Harris also seek relief under Rule 60(b)(6), which does not impose a one year bar, they may not do so. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (the provisions of Rule 60(b)(1), (2), or (3) and (6) are "mutually exclusive, and thus a party who failed to take timely action [based upon newly discovered evidence, mistake, or fraud] may not seek relief more than a year after the judgment by resorting to subsection (6)").

III. Conclusion

For the reasons stated above, Henson and Harris's motion to reopen will be denied.

_____6/20/13_____  
Date

_____[signature]_____  
William D. Quarles, Jr.  
United States District Judge

---

Moreover, a Rule 60(b)(6) motion must be filed within a "reasonable" time, which Henson and Harris's was not. Fed. R. Civ. P. 60(c)(1).

7